IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03179-CMA-KMT

BRET BEZONA,

    Plaintiff,

v.

ESSENTIA INSURANCE COMPANY,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

---

This matter is before the Court on Plaintiff Bret Bezona's Objection and Motion to Remand to State District Court ("Motion to Remand"). (Doc. # 12.) Neither party disputes that complete diversity exists among the parties. Plaintiff argues that jurisdiction is lacking because the amount in controversy does not exceed $75,000. But because Plaintiff's Complaint evinces that it does, the Motion to Remand is denied.

### I.     BACKGROUND

This case arises out of damages to a 1984 Porsche 928 vehicle (the "Porsche"). (Doc. # 1 at 2, ¶ 5.) Plaintiff alleges that he agreed to purchase the Porsche from Lawrence G. Malo ("Mr. Malo") who resided in Michigan, and that the agreement required Mr. Malo to insure the Porsche while it was in transit from Michigan to Pueblo Colorado, where Plaintiff resided. (*Id.* at 2, ¶¶ 5–9.) Plaintiff further alleges that Mr. Malo purchased in transit insurance protection for the Porsche from his insurer Defendant

Essentia Insurance Company, which operated under the name of Hagerty Classic Car Insurance, in Michigan. (*Id.* at 1–2, ¶¶ 4, 8–9.) When Mr. Malo drove the Porsche to the selected vehicle transit hauler truck, Plaintiff alleges that Mr. Malo represented to Plaintiff that the Porsche "was in perfect and like new condition both inside and out." (*Id.* at 2, ¶ 10.) However, when the Porsche arrived in Colorado, Plaintiff alleges that the Porsche sustained damage to the topside, underside, engine, exhaust system, tires, windshield, and paint that amounted to $ 22,315.24—the cost to restore the Porsche "to the condition it had been in on October 18, 2018" prior to delivery. (*Id.* at 2–4.)

After learning of the extent of the alleged damages to the Porsche, Mr. Malo informed Defendant of such damages and requested a copy of the "in transit" insurance policy that he had purchased from Defendant. (*Id.* at 3, ¶ 16.) Plaintiff alleges that Defendant and Hagerty "refused" to provide Mr. Malo with a copy of the insurance policy. (*Id.* at 3, ¶ 18.) Moreover, Plaintiff posits that "Defendant, acting through its agent Hagerty, on April 26, 2019, refused to accept responsibility for any of the damages sustained to [the Porsche] [] by asserting that [Mr.] Malo was not its owner when the damages were sustained." (*Id.* at 3, ¶ 21; Doc. # 3-7.)

On September 26, 2019, Plaintiff initiated this action in the Colorado State District Court for the County of Pueblo and asserted two claims for relief against Defendant: (1) breach of contract and (2) special damages arising under Colo. Rev. Stat. § 10-3-1116. (Doc. # 3 at 3–5.) Specifically, in his breach of contract claim, Plaintiff alleges that he is entitled to $22,315.24 "to make repairs" to the Porsche. (*Id.* at 4.) Furthermore, with respect to his statutory claim, Plaintiff alleges that, pursuant to Colo.

Rev. Stat. § 10-3-1116, Defendant unreasonably denied payment of the covered benefit, and as such, he is entitled to two-times the covered benefit of $22,315.24 ($44,630.48 total) in addition to "reasonable attorney['s] fees[.]" (*Id.* at 5.)

On November 8, 2019, Defendant removed this action to this Court. (Doc. # 1.) Defendant asserts in its Notice of Removal that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there "is complete diversity of citizenship among the opposing parties" and the "amount in controversy in this action exceeds $75,000." (*Id.* at 3–4.) Elsewhere in the Notice of Removal, Defendant states that "Plaintiff is therefore seeking over $44,630.48 under his claim under C.R.S. § 10-3-1116, in addition to his claim of over $22,315.24 in alleged contract damages, for a total of $66,945.72 in damages." (*Id.* at 5.) Defendant also asserts that a reasonable estimate of Plaintiff's attorney's fees that are "likely to be incurred through the conclusion" of the case amount to $20,000. (*Id.* at 5–6 (quoting *TBM Land Conservancy, Inc. v. Nextel West Corp.*, No. 15-cv-00134-PAB-KLM, 2016 WL 10674152, at *2 (D. Colo. Aug. 8, 2016)).) As such, Defendant posits that the amount in controversy exceeds $86,000. (*Id.* at 6.)

Plaintiff vehemently disagrees. On November 18, 2019, Plaintiff filed his Motion to Remand and argues that, as a result of relevant law, prospective information about the insurance policy, and Defendant's anticipated defenses, Plaintiff's claimed damages are likely limited to $15,000, the purchase price of the Porsche. (Doc. # 12 at 2–3.) To this point, Plaintiff contends that the amount in controversy is $45,000 (two times the covered benefit of $15,000 plus the covered benefit itself) in addition to reasonable

3

attorney's fees, which should not exceed $20,000. (*Id.*) Thus, Plaintiff avers that the amount in controversy is at most $65,000—below the requisite jurisdictional amount of $75,000. As a result, Plaintiff asks this Court to remand the action back to the State District Court of Pueblo County and that "he be awarded compensation for his time for having had to prepare and litigate this request." (*Id.* at 1.)

On December 9, 2019, Defendant filed its Response and argues that the face of Plaintiff's Complaint sets forth jurisdictional facts sufficient to establish that the amount in controversy surpasses $75,000. (Doc. # 21.) Defendant avers that, despite Plaintiff's after-the-complaint arguments in his Motion to Remand, Defendant's defenses cannot be considered in the calculation of the amount in controversy. (*Id.* at 4.) Relying upon Plaintiff's own estimate of reasonable attorney's fees in the amount of $22,000, Defendant asserts that, because Plaintiff alleges that he is entitled to $66,945.72 and reasonable attorney's fees, the requisite amount of controversy is met. (*Id.* at 4–5.)

## II. **APPLICABLE LEGAL PRINCIPLES**

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found.*

*Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

To successfully remove a case to federal court, "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Further, the preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself. *Id*. A defendant may rely on any estimates of alleged damages from a plaintiff's complaint to prove jurisdictional facts. *Id*. Relevant here, "[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

### III.　**ANALYSIS**

The Court has subject matter jurisdiction over this matter because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties do not dispute diversity of citizenship; rather, they contest whether Defendant has "affirmatively establish[ed] jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *See McPhail*, 529 F. 3d at 955. Defendant has satisfactorily proven by a preponderance of the evidence jurisdictional facts that establish the amount in controversy is at least $75,000. The Court need not look beyond Plaintiff's own factual allegations to reach this conclusion.

In Plaintiff's Complaint, he alleges that he is entitled to $66,945.72 in economic damages and reasonable attorney's fees. (Doc. # 3 at 4–5, ¶¶ 25, 32.) As a preliminary matter, "it is well settled that a district court does not lack § 1332 jurisdiction . . . if the plaintiff's complaint reveals that a perfect defense might be interposed to reduced alleged amount in controversy below the jurisdictional amount." *Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006) (citing *Anderson-Thompson, Inc. v. Logan Grain Co.*, 238 F.2d 598, 601 (10th Cir. 1956)). Indeed, when bad faith and collusion are not present, "jurisdiction attaches at the moment of the filing of the complaint and the existence of a good defense or a voluntary or involuntary reduction of the amount **claimed**, or a change in the cause of action, **will not** defeat jurisdiction previously acquired." *Anderson-Thompson, Inc.*, 238 F.2d at 601 (emphases added). That Defendant's defenses or Plaintiff may voluntarily limit the amount of economic damages is of no concern in calculating the jurisdictional amount at this stage. Thus, if Plaintiff's estimate of Plaintiff's reasonable attorney's fees exceeds $8,054.28, the Court has diversity jurisdiction over this matter.

Plaintiff's reasonable attorney's fees will likely amount to at least $8,054.28. In calculating reasonable attorney's fees, the Court "will estimate the reasonable attorney's fees through trial" because entitlement to attorney's fees are triggered upon Plaintiff prevailing at trial. *TBM Land Conservancy, Inc.*, 2016 WL 10674152 at *3 (finding that the amount in controversy requirement was satisfied based on complaint and a reasonable estimate of TBM's potential recovery of attorney's fees billed through trial) (quoting *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 WL 1313490, at *4

(N.D. Fla. Mar. 6, 2012) (citing *Ponce v. Med. Eyeglass Ctr., Inc.*, Case No. 2:15-cv-04035-CAS(JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015)). In the instant action, Plaintiff estimates that his reasonable attorney's fees to be incurred through trial amount to $22,000 (110 hours multiplied by a rate of $200 per hour). (Doc. # 12 at 2–3.) This estimate is undisputed. (Doc. # 21 at 6–7.) Because the Court agrees that the total amount of time and hourly rate provided are reasonable estimates, it is proper to consider the amount of $22,000 for reasonable attorney's fees in calculating the amount in controversy. As such, Plaintiff's reasonable attorney's fees "alone . . . would push the amount of [P]laintiff's claim . . . above [the amount in controversy threshold]." *TBM Land Conservancy,* 2016 WL 10674152 at *3 (quoting *Miera*, 143 F.3d at 1340). Accordingly, the Court is satisfied that Defendant has proven jurisdictional facts that establish the amount in controversy is greater than $75,000. The Court therefore denies Plaintiff's request to remand this matter to state court. It also denies Plaintiff's request for attorney's fees and costs.

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Remand (Doc. # 12) is DENIED.

DATED: January 23, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge