IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03179-CMA-KMT

BRET BEZONA,

    Plaintiff,

v.

ESSENTIA INSURANCE COMPANY,

    Defendant.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 24, 2020 Recommendation of United States Magistrate Judge (Doc. # 39), wherein Magistrate Judge Kathleen M. Tafoya recommends granting Defendant Essentia Insurance Company's Motion to Dismiss ("Motion to Dismiss") (Doc. # 11). Plaintiff timely objected to the Recommendation. For the reasons that follow, the Court adopts in part and rejects in part the Recommendation and denies the Motion to Dismiss.

### I.    BACKGROUND

This case arises out of damages to a 1984 Porsche 928 vehicle ("the Porsche"). (Doc. # 1 at 2, ¶ 5.) Plaintiff alleges that he agreed to purchase the Porsche from Lawrence G. Malo ("Mr. Malo") who resided in Michigan, and that the agreement required Mr. Malo to insure the Porsche while it was in transit from Michigan to Pueblo,

Colorado, where Plaintiff resided. (*Id.* at 2, ¶¶ 5–9.) Plaintiff further alleges that Mr. Malo purchased in-transit insurance protection for the Porsche from his insurer Defendant Essentia Insurance Company, which operated under the name of Hagerty Classic Car Insurance ("Hagerty"), in Michigan. (*Id.* at 1–2, ¶¶ 4, 8–9.) Plaintiff alleges that Mr. Malo represented to him that the Porsche "was in perfect and like new condition both inside and out" when Mr. Malo drove the Porsche to the selected vehicle transit hauler truck. (*Id.* at 2, ¶ 10.) However, when the Porsche arrived in Colorado, Plaintiff alleges that it had sustained damage to the topside, underside, engine, exhaust system, tires, windshield, and paint that amounted to $ 22,315.24—the cost to restore the Porsche "to the condition it had been in on October 18, 2018," prior to delivery. (*Id.* at 2–4.)

After learning of the extent of the alleged damages to the Porsche, Mr. Malo informed Defendant of such damages and requested a copy of the "in transit" insurance policy that he had purchased from Defendant. (*Id.* at 3, ¶ 16.) Plaintiff alleges that Defendant and Hagerty "refused" to provide Mr. Malo with a copy of the insurance policy. (*Id.* at 3, ¶ 18.) Moreover, Plaintiff posits that "Defendant, acting through its agent Hagerty, on April 26, 2019, refused to accept responsibility for any of the damages sustained to [the Porsche] [] by asserting that [Mr.] Malo was not its owner when the damages were sustained." (*Id.* at 3, ¶ 21; Doc. # 3-7.)

On September 26, 2019, Plaintiff initiated this action in the Colorado State District Court for the County of Pueblo. He asserts two claims for relief against Defendant: (1) breach of contract, and (2) special damages arising under Colo. Rev. Stat. § 10-3-1116. (Doc. # 3 at 3–5.) Specifically, in his breach of contract claim, Plaintiff

2

alleges that he is entitled to $22,315.24 in damages "to make repairs" to the Porsche. (*Id.* at 4.) With respect to his statutory claim, Plaintiff alleges that, pursuant to Colo. Rev. Stat. § 10-3-1116, Defendant unreasonably denied payment of the covered benefit, and as such, he is entitled to two-times the covered benefit of $22,315.24 ($44,630.48 total) in addition to "reasonable attorney['s] fees[.]" (*Id.* at 5.)

On November 8, 2019, Defendant removed this action to this Court on the basis of diversity jurisdiction. (Doc. # 1.) On November 15, 2019, Defendant filed the instant Motion to Dismiss both of Plaintiff's claims and attached thereto, in relevant part, Hagerty Insurance Policy #2N57195, which was issued to Mr. Malo and underwritten by Defendant ("Insurance Policy" or "Policy"). (Doc. # 11.) Plaintiff's Response and Objection to Defendant[']s Motion to Dismiss ("Response") (Doc. # 22) and Defendant Essentia Insurance Company's Reply in Support of Motion to Dismiss (Doc. # 27) followed. This Court referred the Motion to Dismiss to Judge Tafoya (Doc. # 30), and Judge Tafoya issued her Recommendation on August 24, 2020. (Doc. # 39.) Plaintiff timely filed Plaintiff's Objections to Magistrate Proposed Findings of Fact, Legal Conclusions and Recommendations ("Objections") on September 3, 2020. (Doc. # 40.) Defendant filed a response to Plaintiff's Objections. (Doc. # 41.) Plaintiff filed a Reply in support of his Objections on September 23, 2020, without leave of Court. (Doc. # 42.)

## II.     LEGAL STANDARDS

### A.     REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the

3

magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).[1]

## B. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a subsequent motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausible" means that the plaintiff pled

---

[1] The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 39 at 11–12.) Despite this advisement, neither party objected to the Recommendation to the extent it concludes that the Motion to Dismiss fails to the extent it is premised on the argument that Plaintiff cannot establish coverage for the alleged damage to the Porsche under the Insurance Policy because the damage occurred after the Porsche was sold to Plaintiff by Mr. Malo. (*Id.* at 7–8.) In the absence of a timely objection, "the district court may review a [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the Recommendation's findings related to Defendant's title-transfer argument, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding Defendant's title-transfer argument. Additionally, the Court declines to consider *de novo* arguments raised for the first time in Plaintiff's Reply to his Objections because said arguments are untimely and, therefore, are not properly made. *See One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d at 1059.

factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). A court need not accept conclusory allegations without supporting factual averments, however. *Southern Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.  ANALYSIS

In her Recommendation, Judge Tafoya concludes that Michigan law applies to Plaintiff's claims for breach of contract and bad faith breach of insurance contract and that Plaintiff has failed to state a claim for coverage under the Insurance Policy, attached to Defendant's Motion to Dismiss as Exhibit A (Doc. # 11-1). Plaintiff makes four objections to Judge Tafoya's Recommendation. He asserts that it was an abuse of discretion for Judge Tafoya to have: (1) declared Michigan law controlling; (2) refused to consider Exhibit 6 to Plaintiff's Complaint; (3) afforded relevance to the purported

Insurance Policy attached to Defendant's Motion to Dismiss; and (4) dismissed the Colorado statutory claim for bad faith breach of insurance contract. *See generally* (Doc. # 40).

The majority of Plaintiff's objections relate to Judge Tafoya's analysis of his breach of contract claim. Therefore, as a threshold matter, the Court concludes that Plaintiff has stated a claim for breach of contract under both Colorado and Michigan law. Next, the Court addresses Plaintiff's specific objections concerning Judge Tafoya's consideration of documents external to the pleadings before turning to Plaintiff's objections concerning Judge Tafoya's choice-of-law analysis. Ultimately, the Court concludes that the Motion to Dismiss should be denied.

### A.   WHETHER PLAINTIFF HAS STATED A CLAIM FOR BREACH OF CONTRACT

Under Colorado law, a plaintiff must plead the following elements to state a claim for breach of contract: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted). Similarly, under Michigan law, a plaintiff must establish the following: "(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of Am., N.A. v. First Am. Title Ins. Co.*, 878 N.W.2d 816, 829 (Mich. 2016).

In this case, Plaintiff has sufficiently pled all required elements of a breach of contract claim under both Michigan and Colorado law. First, Plaintiff alleges the

existence of a contract. Specifically, he alleges that Hagerty agreed to provide Mr. Malo—who purportedly assigned his rights under the contract to Plaintiff (Doc. # 3 at 12)—in-transit insurance protection for the Porsche[2] in consideration for a charge of $69.00 against Mr. Malo's Insurance Policy #2N57195. (*Id.*) Mr. Malo noted such agreement on the day of the transaction, attached to the Complaint as Exhibit 1: "I explained to Hagerty that I am selling my [']84 Porsche [and] want it insured from today[,] Oct[.] 10-18-18[,] until Buyer receives it." (*Id.* at 6.)

Second, Plaintiff alleges that he performed under the contract. Mr. Malo, who purportedly assigned his rights under the contract to Plaintiff, received a client invoice for $69.00 from Hagerty dated "10/18" for an "Endorsement Premium." (*Id.* at 7.) Mr. Malo paid the balance, and Hagerty accepted the payment. (*Id.* at 3.) Third, Plaintiff alleges that Defendant failed to perform by withholding benefits due under the contract when the Porsche was damaged in transit from Michigan to Colorado. Lastly, Plaintiff alleges that he has incurred more than $22,315.24 in damages as a result.

Construing these factual allegations in the light most favorable to Plaintiff, Plaintiff has stated a claim for breach of contract on the basis that Mr. Malo and Defendant agreed upon an endorsement to the Insurance Policy #2N57195 that would provide in-transit insurance coverage of the Porsche during its travels from Michigan to Colorado and Defendant breached that contract by failing to pay benefits due under the

---

[2] Mr. Malo declared that he told Hagerty on the date of the transaction that the purpose of the additional insurance protection "was to provide coverage for the 1984 Porsche 928 vehicle I had decided to sell to a buyer in Pueblo, Colorado and I wanted him to be sure it was protected against loss during the time it was being transported to him." (*Id.* at 12.)

7

endorsement for damage to the Porsche. Accordingly, the Motion to Dismiss is denied to the extent it seeks dismissal of Plaintiff's breach of contract claim. Consequently, the Motion is also denied to the extent it seeks dismissal of Plaintiff's bad faith breach of contract claim on the basis that Plaintiff has failed to allege coverage under the Policy. *See* (Doc. # 11 at 10–11).

**B. JUDGE TAFOYA'S CONSIDERATION OF DOCUMENTS EXTERNAL TO THE PLEADINGS**

Plaintiff objects to Judge Tafoya's treatment of documents external to the pleadings in two respects. First, Plaintiff argues that Judge Tafoya should not have afforded relevance to the purported Insurance Policy attached to Defendant's Motion to Dismiss and, instead, should have concluded that Plaintiff has alleged that Defendant and Mr. Malo entered into a separate agreement for in-transit insurance coverage. Second, Plaintiff objects to Judge Tafoya's purported refusal to consider Exhibit 6 to the Complaint. The Court sustains Plaintiff's first objection and overrules the second.

1. <u>Insurance Policy</u>

Plaintiff asserts that Judge Tafoya "should have considered the 'four corners of the complaint' as if [the Insurance Policy attached to the Motion to Dismiss as Exhibit A] did not exist." (Doc. # 40 at 8.) The Court agrees.

Generally, only the pleadings themselves can be considered in deciding a Rule 12(b)(6) motion. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). "Notwithstanding [this] general principle[ ], if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an **indisputably authentic** copy

8

to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (emphasis added) (citations omitted).

In this case, Plaintiff disputes the authenticity of the Insurance Policy. Plaintiff did reference the Insurance Policy in his Complaint as follows: "Hagerty did advise that as of October 18, 2018 defendant had agreed to provide this while in transit insurance protection for said Porsche in consideration for a charge of an additional $69.00 **against the Malo policy #2N57195**." (Doc. # 3 at 2) (emphasis added). However, Defendant attached the Insurance Policy to its Motion to Dismiss as **proof of the endorsement purchased by Mr. Malo on October 18, 2018**. (Doc. # 11-1.) Plaintiff vigorously disputes Defendant's suggestion that the Policy before the Court includes said endorsement, pointing to several inconsistencies between Plaintiff's allegations and the Policy.[3] Accordingly, because Plaintiff disputes the authenticity of the Policy, the Court may not consider it in evaluating the Motion to Dismiss. *See GFF Corp.*, 130 F.3d at 1384.

2.  Exhibit 6 to Plaintiff's Complaint

Plaintiff also argues that it was an abuse of discretion for Judge Tafoya to have "refused to consider" Exhibit 6 to the Complaint. In doing so, Plaintiff relies on a flawed premise, incorrectly observing that Judge Tafoya's "decision to not consider [Exhibit 6]

---

[3] First, Plaintiff highlights that the Policy is devoid of any indication that the Porsche is covered. *See* (Doc. # 11-1 at 2) (stating insurance coverages apply where accompanied by an "X," with no X's marked by the Porsche at issue). Second, the Policy specifically excludes from coverage "'property damage' to property owned or being transported by [the] 'insured'", which is precisely the kind of coverage allegedly purchased by Mr. Malo on October 18, 2018. *See* (*id.* at 7.)

is declared at footnote #2 at the end of page #9" of the Recommendation. (Doc. # 40 at 3.) However, in Footnote 2, Judge Tafoya appropriately refused to consider an affidavit attached to **Plaintiff's Response** to Defendant's Motion to Dismiss—not an exhibit to Plaintiff's Complaint:

> In response to the Motion to Dismiss, Plaintiff attaches an affidavit to rebut Defendant's arguments. The affidavit is offered outside the pleadings, and the court declines to consider it in analyzing the Motion to Dismiss.

(Doc. # 39 at 9 n.2) (citing *JP Morgan Tr. Co. Nat. Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1256–57 (D. Kan. 2006) (explaining a district court "has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting" documents attached to the motion to dismiss that are not referred to in the plaintiff's complaint and/or are not central to the plaintiff's claims)). Judge Tafoya did not refuse to consider Exhibit 6 to Plaintiff's Complaint, and Plaintiff's objection is overruled on this basis.

**C.   CHOICE OF LAW**

Plaintiff further objects to Judge Tafoya's conclusions that Michigan law applies to both his breach of contract claim and his statutory bad faith breach of insurance contract claim under Colo. Rev. Stat. § 10-3-1116. The Court agrees with Plaintiff that Judge Tafoya's choice of law determination is premature.

In determining which state's substantive law should apply to a diversity action, a court applies the choice of law rules of the forum state. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). "[U]nder Colorado's choice-of-law rules, an insurance contract is governed by the law of the state

with the most significant relationship to the insurance contract." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125-26 (D. Colo. 2017).

Having determined that it cannot consider the Insurance Policy in resolving the pending Motion to Dismiss, the Court concludes that it is too early to determine whether Colorado or Michigan law should apply to Plaintiff's claims.[4] Plaintiff has alleged that the endorsement purchased by Mr. Malo was issued in Michigan. Although insurance policies are usually interpreted according to the law of the state where it was issued, see *Budd v. Am. Excess Ins*. Co., 928 F.2d 344, 347 (10th Cir. 1991) (citation omitted), the Court must still analyze which state bears the most significant relationship to the insurance contract. Therefore, discovery concerning the terms of the alleged endorsement and Mr. Malo's conversation with the Hagerty representative on October 18, 2018, is required to determine which state's law should apply. Accordingly, the Court rejects Judge Tafoya's conclusions that Michigan law applies to Plaintiff's claims and, therefore, that Plaintiff's bad faith claim under Colo. Rev. Stat. § 10-3-1116 should be dismissed. The Court denies the Motion to Dismiss to the extent it seeks dismissal of Plaintiff's statutory bad faith claim on this basis. (Doc. # 11 at 11.)

---

[4] The choice-of-law determination is most important to Plaintiff's statutory bad faith claim. Plaintiff may bring a bad faith breach of insurance contract claim under Colorado law, pursuant to Colo. Rev. Stat. § 10-3-1116. By contrast, under Michigan law, "[a] plaintiff cannot maintain an action in tort for nonperformance of a contract" and "[a]n alleged bad-faith breach of an insurance contract does not state an independent tort claim." *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402, 729 N.W.2d 277, 286 (2006) (concluding that the plaintiff's extra-contractual tort claims were futile as they failed to state claims independent from the plaintiff's breach of contract claim).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Objections to Magistrate Proposed Findings of Fact, Legal Conclusions and Recommendations (Doc. # 40) are SUSTAINED IN PART and OVERRULED IN PART;

- the August 24, 2020 Recommendation of United States Magistrate Judge (Doc. # 39) is ADOPTED IN PART and REJECTED IN PART. It is ADOPTED as to its recommendation that the Motion to Dismiss fails to the extent it is premised on the theory that Plaintiff cannot establish coverage under the Insurance Policy because the damage to the Porsche occurred after it was sold to Plaintiff. It is REJECTED as to its recommendation that Plaintiff's claims for breach of contract and bad faith breach of insurance contract pursuant to Colo. Rev. Stat. § 10-3-1116 should be dismissed; and

- Defendant Essentia Insurance Company's Motion to Dismiss (Doc. # 11) is hereby DENIED, and Plaintiff's claims are allowed to proceed.

DATED: September 30, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge